IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAMELA JONES on behalf of herself and all others
Similarly situated,

        Plaintiff,

    v.                                             Case No. 19-cv-355

MILWAUKEE HEALTH CARE, LLC d/b/a
Wellspring of Milwaukee,
WILLIAM NICHOLSON and WILLIAM KOSKI,

        Defendants.

Pamela Jones ("Plaintiff") on behalf of herself and a class of those similarly situated, by way of Complaint against Milwaukee Health Care, LLC d/b/a Wellspring of Milwaukee (hereinafter referred to as "MHC"), William Nicholson ("Nicholson") and William Koski ("Koski") by and through her counsel alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act") and for unpaid wages and benefits under state law. The Plaintiff was an employee of MHC until she was terminated as part of, or as a result of a mass layoff and/or plant closure ordered by MHC. As such, MHC is liable under the WARN Act for the failure to provide the Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

2. The Plaintiff also brings this action on her own behalf and on behalf of those similarly situated employees against Defendants MHC, Nicholson, and Koski for approximately 2 ½ weeks unpaid wages and benefits pursuant to Wis. Stat. § 109 *et seq.*

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

4. This Court has personal jurisdiction over Nicholson and Koski because they engaged in substantial activities within Wisconsin; committed tortious acts and/or omissions in Wisconsin and entered into promises to perform services in Wisconsin. Accordingly, this court has personal jurisdiction over Nicholson and Koski pursuant to Wis. Stat. §§ 801.05(1)(d), (3), and (5).

5. The violation of the WARN Act alleged herein occurred in this District and more particularly in Milwaukee, Wisconsin. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

6. Upon information and belief, at all relevant times MHC was a Delaware corporation which maintained a facility at 9350 W Fond Du Lac Ave, Milwaukee, WI 53225(the "Facility").

7. At all relevant times, Nicholson was a 50% owner of MHC.

8. At all relevant times Koski was a 50% owner of MHC.

9. At all relevant times, Plaintiff Pamela Jones was a resident of the State of Wisconsin and was an employee employed by MHC. Jones worked at or reported to the Facility until her termination without cause on or about February 28, 2019.

10. On or about February 28, 2019 and thereafter, MHC ordered the termination of the Plaintiff's employment together with the termination of approximately 150 other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closure as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

11. At or about the time the Plaintiff was terminated, MHC employed ordered the termination of approximately 150 other similarly situated employees who worked at or reported to the Facility (the "Other Similarly Situated Employees").

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

12. Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

13. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

14. MHC was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

15. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

16. MHC failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation, and other accrued paid time off for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

3

Case 2:19-cv-00355-PP    Filed 03/08/19    Page 3 of 11    Document 1

17. At the time of their termination without cause by Defendants, Plaintiff and the Other Similarly Situated Employees had performed work for Defendants for which they had not been paid. Plaintiff and the Other Similarly Situated Employees were not paid on the next regular pay date and, as of the date of this Complaint, have not been paid their owed wages.

18. At the time of their termination without cause by Defendants, Plaintiff and the Other Similarly Situated Employees were entitled to payment of earned and accrued paid time off. Plaintiff and the Other Similarly Situated Employees were not paid on the next regular pay date and, as of the date of this Complaint, have not been paid their earned and accrued paid time off.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

19. The Plaintiff brings this action on her own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closure ordered by the MHC at the Facility on or about February 28, 2019 and thereafter ("the "Class").

20. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

21. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

22. The claims of the representative parties are typical of the claims of the Class.

23. The representative parties will fairly and adequately protect the interests of the Class.

24. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

26. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of MHC who worked at or reported to the Facility;

(b) Whether MHC terminated the employment of the Class Members as part of a mass layoff and/or plant closure without cause on their part and without giving them 60 days advance written notice;

(c) Whether MHC may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether MHC's failure to provide 60 days notice should render it liable to the Class Members for 60 days' pay and benefits.

(e) Whether all Defendants failed to pay the class members wages upon their termination.

## CLAIMS FOR RELIEF

### First Cause of Action: Violation of the WARN Act, 29 U.S.C. § 2104, against Defendant MHC

27. At all relevant times, MHC employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

28. At all relevant times, MHC was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

29. On or about February 28, 2019 and thereafter MHC ordered a "mass layoff" and/or "plant closure" at the Facility as those terms are defined by 29 U.S.C. § 2101(a)(3).

30. The Plaintiff and the Class Members who were terminated by MHC as a result of MHC ordering a mass layoff and/or plant closure at the Facility on or about February 28, 2019 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

31. The mass layoff and/or plant closure at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of MHC's employees as well as 33% of MHC's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

32. The Plaintiff and each of the Class Members are "aggrieved employees" of MHC as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 <u>et seq.</u>, MHC was required to provide at least 60 days prior written notice of the terminations.

34. MHC failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

6

35. MHC failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36. As a result of MHC's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

37. The relief sought in this proceeding is equitable in nature.

**Second Cause of Action: Violation of Wisconsin Statute § 109.03 against Defendants MHC, Nicholson, and Koski**

38. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Under Wisconsin law, wages include the agreed-upon hourly rate and "holiday and vacation pay, overtime pay, severance pay or dismissal pay, supplemental unemployment benefit plan payments when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy," Wis. Stat. § 109.01(3), such as accrued paid time off.

40. Wis. Stat. § 109.03 requires employers to pay its employees all wages due within the time specified by law. An employer which willfully fails to timely pay such wages is liable to the employee for full wages, plus increased wages as provided in Wis. Stat. § 109.11(2).

7

41. At all relevant times Defendant Nicholson was the managing member of MHC and had a 50% ownership interest in MHC.

42. At all relevant times, Defendant Nicholson has been the 50% owner of MHC and is responsible for hiring, firing, setting and complying with the wages, benefits, and other terms and conditions of employment for all MHC employees.

43. At all relevant times, Defendant Koski had a 50% ownership interest in MHC.

44. At all relevant times, Defendant Koski has been the 50% owner of MHC and is responsible for hiring, firing, setting and complying with the wages, benefits, and other terms and conditions of employment for all MHC employees.

45. Throughout the relevant time period, Defendants MHC, Nicholson, and Koski ("Defendants") were employers within the meaning of Wisconsin Statutes §§ 103.001(6) and 109.01(6).

46. The Plaintiff and the Other Similarly Situated Employees are employees within the meaning of Wisconsin Statutes §§ 103.001(5) and 109.01(1r).

47. The Plaintiff and the Other Similarly Situated Employees performed work for Defendants' benefit but were not compensated for such work; such employees are entitled to earned and accrued but unpaid compensation, but to date have not received such compensation.

48. The Plaintiff and the Other Similarly Situated Employees earned and accrued paid time off for work they performed off prior to or since their termination.

49. Defendants owe the Plaintiff and the Other Similarly Situated Employees the paid time off they accrued prior to their termination.

50. The Plaintiff filed an administrative complaint with the Wisconsin Department of Workforce Development prior to filing this lawsuit.

51. The Plaintiff is entitled to recover from MHC, in addition to the severance pay, expense reimbursement and overtime pay that she is owed, 50% of the owed wages as increased damages, plus her actual attorney's fees and costs of prosecution.

52. Defendants were equally Plaintiff's and Class Members' employer and should be held jointly and severally liable for the wages, increased damages, and attorneys fees and costs owed to Plaintiff and Class Members.

**WHEREFORE**, the Plaintiff and Class Members demand a JURY TRIAL and seek judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the member employee's termination, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. A judgment in favor of the Plaintiff and each of the "affected employees" for payment of accrued unpaid wages and vacation time, applicable liquidated damages and/or treble damages, and attorneys' fees and costs pursuant to Wisconsin Statute § 109.03 and

Wisconsin Administrative Code DWD 272.03.

  f.  Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for her services as such;

  g.  The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

  h.  A finding that MHC, Kolski and Nicholson are jointly and severally liable for the full amount of severance pay, overtime pay, and expense reimbursements that she is entitled to pursuant to Wis. Stat. §109.03(5) plus 50% of the owed wages as increased damages plus Plaintiff's actual attorneys fees and costs of prosecuting her and Class Members' wage claims;

  i.  Such other and further relief as this Court may deem just and proper.

Dated: March 5, 2019  BY:  s/Sara J. Geenen
             THE PREVIANT LAW FIRM, S.C.
             Sara J. Geenen
             State Bar No. 1052748
             310 West Wisconsin Avenue, Suite 100 MW
             Milwaukee, WI 53203
             Telephone: (414) 271-4500
             Facsimile: (414) 271-6308
             sjg@previant.com

             LANKENAU & MILLER, LLP
             Stuart J. Miller (SJM 4276)
             132 Nassau Street, Suite 1100
             New York, NY 10038
             P: (212) 581-5005
             F: (212) 581-2122
             stuart@lankmill.com

             THE GARDNER FIRM, PC
             Mary E. Olsen (OLSEM4818)
             M. Vance McCrary (MCCRM4402)

210 S. Washington Ave.
Mobile, AL 36602
P: (251) 433-8100
F: (251) 433-8181
molsen@thegardnerfirm.com
Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

*Attorneys for Plaintiff*